■ In the Matter of BEAL PROPERTIES, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent. (Proceeding No. 1.) In the Matter of JOHN BORDULIS, Petitioner, v STATE LIQUOR AUTHORITY, Respondent. (Proceeding No. 2.) In the Matter of KIAMESHA MOTEL & APARTMENTS, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent. (Proceeding No. 3.)—Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court at Special Term, entered in Sullivan and Albany Counties) to review (1) a determination of the State Liquor Authority which suspended petitioner Beal Properties, Inc., on-premise liquor license for 30 days; (2) a determination of the State Liquor Authority which suspended petitioner John Bordulis' on-premise liquor license for 30 days, 10 days forthwith and 20 days deferred and imposing a $1,000 forfeiture of his bond; and (3) a determination of the State Liquor Authority which suspended petitioner Kiamesha Motel & Apartments, Inc., on-premise liquor license for 60 days, 30 days forthwith and 30 days deferred and imposing a $1,000 forfeiture of its bond. Since all three of these proceedings raise similar questions of law, the suspension of retail on-premise liquor licenses for alleged violations of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, we shall consider them jointly. Each petitioner was noticed that the authority was instituting proceedings pursuant to sections 118 and 119 of the Alcoholic Beverage Control Law for license revocation on the following charge: "That the licensee violated Section 106, subdivision 6 of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly [dates identified] in that it suffered or permitted lewd and indecent performances thereon." The lewd and indecent performances consisted of nude dancing by females in each establishment on the dates set forth in the notice to each proprietor. Hearings were held in each instance and orders of license suspension were entered as set forth in the preamble to this memorandum. The controlling question of law in each proceeding is whether factual findings of nude dancing on the premises of petitioners are enough to support a determination of "lewd and indecent performances" within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law so as to sustain the determinations under attack. Since nude dancing is not lewd or indecent per se *(Matter of Excelsior Pictures Corp. v Regents of Univ. of State of N. Y.,* 3 NY2d 237, 242) and, further, in the absence of any regulation by respondent giving notice to petitioners that conduct not lewd or indecent per se was proscribed *(Matter of Beal Props. v State Liq. Auth.,* 37 NY2d 861), there cannot be a supportable factual finding of lewdness or indecency based solely on nude dancing. Therefore, since in the present proceedings the records reveal that both the Beal Properties, Inc., and the Kiamesha Motel & Apartments, Inc., had nude dancing only on the dates in question and there was no regulation proscribing such dancing, the respondent's determinations as to them must be annulled.* The only difference in the Bordulis proceeding is that on one occasion a nude dancer assumed a supine position. The record in Bordulis, however, is inadequate for the purpose of assigning to that posture a more

---

* The regulation adopted by the State Liquor Authority on December 5, 1975, adding new grounds for revocation, has no application to the factual patterns herein.

lewd or indecent significance than mere nude dancing so as to bring it within the condemnation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The determination as to Bordulis is annulled. In view of our disposition of these proceedings for the reasons given above, we need not consider petitioners' additional allegations of error. Determinations annulled, and petitions granted, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.